A. MICHAEL WEBER (AMW 8760)
DEKE W. BOND (DWB 0349)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
Cottages & Gardens Publications, LLC and Richard Ekstract
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE A. SAGALYN,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>COTTAGES & GARDENS PUBLICATIONS, LLC and RICHARD EKSTRACT,<br><br>　　　　　　Defendants. | Index No. 08 CV 5233<br><br>**DEFENDANTS' ANSWER AND DEFENSES** |

　　　　Defendants Cottages & Gardens Publications, LLC ("Cottages & Gardens") and Richard Ekstract ("Ekstract," and collectively "Defendants"), by and through their undersigned counsel, hereby submit their Answer and Defenses to Plaintiff Michelle A. Sagalyn's Complaint ("Complaint") in the above-captioned matter. Answering the Complaint by corresponding numbered paragraphs, Defendants state as follows:

## NATURE OF ACTION, PARTIES, AND JURISDICTION

　　　　1.　　Defendants deny the allegations in paragraph 1 of the Complaint except admit Plaintiff was employed by Cottages & Gardens and worked out of its Connecticut office.

　　　　2.　　Defendants admit the allegations in paragraph 2 of the Complaint.

　　　　3.　　Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint except admit only that Plaintiff filed a charge with the E.E.O.C.

6. Defendants deny the allegations in paragraph 6 of the Complaint except admit the EEOC issued a Right to Sue Notice to Plaintiff.

7. Regarding paragraph 7 of the Complaint, Plaintiff asserts legal claims to which no response is required, but to the extent a response is required, Defendants deny the allegations.

8. Regarding paragraph 8 of the Complaint, Plaintiff asserts legal claims to which no response is required, but to the extent a response is required, Defendants deny the allegations.

9. Defendants deny the allegations in paragraph 9 of the Complaint, except admit the allegation that the venue is proper in the Southern District of New York.

## JURY DEMAND

10. Regarding paragraph 10 of the Complaint, Plaintiff asserts legal claims to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## PROCEDURAL REQUIREMENTS

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore deny those allegations.

## FACTS

12. Defendants deny the allegations in paragraph 12 of the Complaint, except admit that Plaintiff worked as publisher of Cottages & Gardens with a starting salary of $150,000.

13. Defendants deny the allegations in paragraph 13 of the Complaint except admit Cottages & Gardens paid a portion of Plaintiff's car lease.

14. Defendants deny the allegations in paragraph 14 of the Complaint except admit Plaintiff received a raise.

15. Defendants deny the allegations in paragraph 15 of the Complaint, except admit the allegation that Plaintiff received a raise.

## SEXUAL HARASSMENT

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except admit the allegation that Ekstract told Plaintiff that she still "did not get it."

25. Defendants deny the allegations in paragraph 25 of the Complaint, except admit the allegation that Ekstract told Plaintiff that he did not "want to see her do this again" in reference to a publisher's letter she drafted.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint except admit Plaintiff was discharged in December 2007.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants admit the allegations in paragraph 39 of the Complaint that Plaintiff was repeatedly absent from the office.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, except deny that Klaff's threatened to pull all of its advertising.

42. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 42 of the Complaint, except deny the allegation that Ekstract propositioned Plaintiff.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

### FIRST CAUSE OF ACTION
### Title VII

44. Defendants repeat and reallege each and every response to paragraphs 1—43 of the Complaint as though fully set forth herein.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

## SECOND CAUSE OF ACTION
### New York State Human Rights Law

48. Defendants repeat and reallege each and every response to paragraphs 1—47 of the Complaint as though fully set forth herein.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

## THIRD CAUSE OF ACTION
### New York City Administrative Code

52. Defendants repeat and reallege each and every response to paragraphs 1—51 of the Complaint as though fully set forth herein.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of 42 U.S.C.A. s. 2000e and Conn. State Law and New York State Law and New York City Law)

56. Defendants repeat and reallege each and every response to paragraphs 1—55 of the Complaint as though fully set forth herein.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of New York City Law, Administrative Code § 8-107 and New York and Connecticut State Law)

63. Defendants repeat and reallege each and every response to paragraphs 1—62 of the Complaint as though fully set forth herein.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Negligent Supervision and Retention of Unfit Employees)

72. Defendants repeat and reallege each and every response to paragraphs 1—71 of the Complaint as though fully set forth herein.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Aiding and Abetting Discrimination)

77. Defendants repeat and reallege each and every response to paragraphs 1—76 of the Complaint as though fully set forth herein.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in the WHEREFORE paragraph of the Complaint and further deny that Plaintiff is entitled to any and all damages, as alleged in the WHEREFORE paragraph subsections (i)—(vii) of the Complaint.

## DEFENSES

## FIRST DEFENSE

80. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

81. The Complaint, and each purported claim alleged therein, fails to allege facts sufficient to allow recovery of compensatory damages.

## THIRD DEFENSE

82. Each and every action taken by Defendants with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTH DEFENSE

83. Any actions taken with regard to Plaintiff were neither willful nor intentional and were taken without malice.

## FIFTH DEFENSE

84. Plaintiff's claims are barred to the extent that they were not made the subject of a timely charge of discrimination, are beyond the scope of the charge of discrimination, and/or to the extent that Plaintiff otherwise failed to exhaust her administrative remedies prior to filing this action.

## SIXTH DEFENSE

85. Plaintiff's claims are barred to the extent that they were filed beyond the applicable statutes of limitations.

## SEVENTH DEFENSE

86. Some or all the claims asserted in the Complaint may be barred by Plaintiff's failure to mitigate her damages, if any.

## EIGHTH DEFENSE

87. Defendants are entitled to a set-off against Plaintiff's claims of damage in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

## NINTH DEFENSE

88. Defendants exercised reasonable care to prevent and promptly correct any hostile and offensive treatment allegedly experienced by Plaintiff. Further, Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or otherwise available to her, to avoid the harm she allegedly experienced.

## TENTH DEFENSE

89. Plaintiff's claims fail because Defendants would have taken the same employment action(s) against Plaintiff in the absence of any alleged unlawful motive.

## ELEVENTH DEFENSE

90. Defendants are entitled to their attorneys' fees and costs as prevailing parties.

## TWELFTH DEFENSE

91. To the extent applicable, Plaintiff's claims for compensatory damages are subject to any and all statutory caps and limitations.

### THIRTEENTH DEFENSE

92. Plaintiff's damages, if any, were not caused by Defendants; rather they were caused by Plaintiff and/or third parties.

### FOURTEENTH DEFENSE

93. Plaintiff's claims under the New York City Administrative Code should be dismissed because, upon information and belief, Plaintiff failed to serve a copy of the Complaint upon the City Commission on Human Rights and upon the NYC Corporation Counsel within ten (10) days after having commenced this action. N.Y.C. Admin. Code § 8-502(c).

### FIFTEENTH DEFENSE

94. At all times, Defendants acted in good faith and in an effort to comply with all applicable laws, including N.Y. Exec. Law § 292 et seq. and N.Y.C. Admin. Code § 8-102 et seq.

### SIXTEENTH DEFENSE

95. Plaintiff has waived, or should be estopped, from asserting some or all of the claims asserted in the Complaint.

### SEVENTEENTH DEFENSE

96. Defendant Ekstract was not Plaintiff's employer.

### EIGHTEENTH DEFENSE

97. Plaintiff's employment at Cottages & Gardens was at will.

98. Defendants reserve the right to assert additional affirmative and other defenses, as appropriate.

WHEREFORE, Defendants Cottages & Gardens Publications, LLC and Richard Ekstract respectfully request that the claims contained in Plaintiff's Complaint be dismissed with prejudice; that Plaintiff take nothing for any of her claims set forth therein; that Defendants

recover their costs, disbursements, expenses, and attorneys' fees herein; and that the Court grant such other and further relief as it may deem just and proper.

Date:   July 3, 2008
       New York, New York

A. Michael Weber (AW 8760)
Deke W. Bond (DB 0349)
LITTLER MENDELSON
 A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

Attorneys for Defendants
Cottages & Gardens Publications, LLC
and Richard Ekstract

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE A. SAGALYN,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>COTTAGES & GARDENS PUBLICATIONS, LLC and RICHARD EKSTRACT,<br><br>　　　　　　Defendants. | Index No. 08 CV 5233<br><br>**AFFIDAVIT OF SERVICE** |

I hereby certify that on July 3, 2008, I served the foregoing on the following by filing it electronically with Clerk of the above-captioned Court using its CM/ECF systems and by also sending a copy via First Class Mail, by placing said copy into a sealed envelope with postage affixed thereon into an official depository under the exclusive care and custody of the United States Postal Service, upon:

> William C. Rand, Esq.
> Law Office of William Coudert Rand
> 711 Third Avenue, Suite 1505
> New York, NY  10036

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of July 2008, in New York, New York.

_____
Deke W. Bond

Firmwide:85733526.2 059149.1001